FILED
December 15, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____SAJ_____
                Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | CRIMINAL NO. **DR-21-CR-02145-AM** |
| Plaintiff, | § | **INDICTMENT** |
| v. | § § | |
| CLAUDIA VERONICA FLORES, | § § § | [Vio: COUNT ONE: 18 U.S.C. § 554 & 18 U.S.C. § 371: Conspiracy to Smuggle Goods from the United States.] |
| Defendant. | § § § | **FORFEITURE** |

THE GRAND JURY CHARGES:

INTRODUCTION

**At all times relevant to this Indictment:**

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant CLAUDIA VERONICA FLORES did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

<u>COUNT ONE</u>
[18 U.S.C. § 554 & 18 U.S.C. § 371]

8. The allegations contained in paragraphs 1 through 7 are re-alleged and incorporated in their entirety as if fully set out herein.

9. Between on or about August 4, 2020, and continuing through on or about September 24, 2020, in the Western District of Texas, and elsewhere, Defendant,

CLAUDIA VERONICA FLORES,

did intentionally and knowingly combine, conspire, and confederate and agree together and with other persons known and unknown to willingly, fraudulently, and knowingly attempt to export, and send from the United States, any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit:

- 2,000 rounds of Blazer Ammunition Brass Case Centerfire cartridges 40 Smith and Wesson;
- 2,500 rounds of Bronze 50 Centerfire Pistol Cartridges 130 Grain FMJ 1100 FPS MV 38 Super Auto +P;
- 800 rounds of Bronze 50 Centerfire Pistol Cartridges 40 caliber Smith and Wesson 165 Grain FMJ-FP 989 FPS MV;
- 3,498 rounds of Wolf PolyFormance 45 Auto 230 GR. FMJ Steel Case 50 cartridges NON-Corrosive Berdan Primed;
- 500 rounds of Blazer Ammunition 50 Aluminum Case Centerfire cartridges 10 mm Auto 200 Gr. FMJ;
- 700 rounds of Elite Performance Ammunition 50 FMJ Centerfire Pistol cartridges 40 Smith and Wesson; and
- 500 rounds of Blazer Ammunition 50 Brass Case Centerfire Cartridges 10 mm;

which are controlled items as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

<u>OVERT ACTS</u>

10. The allegations contained in paragraphs 1 through 9 are re-alleged and incorporated in their entirety as if fully set out herein.

11. In furtherance of the conspiracy and to effect the objective of the conspiracy, Defendant and her known and unknown co-conspirators, committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

   a) Between on or about August 4, 2020, and continuing through on or about September 24, 2020, Defendant purchased ammunition through online websites. A

      portion of the ammunition purchased by Defendant during this timeframe was seized by law enforcement on September 24, 2020, in the Western District of Texas, at which time a coconspirator was attempting to illegally export this ammunition from the United States into the Republic of Mexico without a license or authority to do so.

b) Between on or about August 4, 2020, and continuing through on or about September 24, 2020, Defendant received from the online websites a portion of the ammunition that is the subject of this conspiracy and deposited it at a storage unit # 25 from AA-AA Storage, also located in the Western District of Texas.

c) On September 11, 2020, Defendant rented storage unit #25 from AA-AAA Storage, in order to store the ammunition that other coconspirators picked up in order to illegally export the ammunition to the Republic of Mexico.

d) For the sole purpose of furthering the illegal objectives of the conspiracy, Defendant, on August 4, 2020, opened an account with BBVA USA, a financial institution, in which Defendant purchased ammunition that coconspirators would later attempted to export to the Republic of Mexico from the United States without a license or authority to do so. Through this account, Defendant rented the storage unit #25 from AA-AAA Storage.

All in violation of Title 18 United States Code, Sections 554 and 371.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]

### I.
### Smuggling Violations and Forfeiture Statutes
[Title 18 U.S.C. § 554,
subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d),
made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Count One, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

    **Title 19 U.S.C. § 1595a. Aiding unlawful importation**
    **(d) Merchandise exported contrary to law**
    Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted

exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

A TRUE BILL.

FOREPERSON

ASHLEY C. HOFF
United States Attorney

By: _____
MICHAEL G. SCHNEIDER
Assistant United States Attorney